# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC CHRISTOPHER MARTIN, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV423-143 |
| CHATHAM COUNTY SHERIFFS OFFICE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ERIC CHRISTOPHER MARTIN, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV423-174 |
| CHATHAM COUNTY SHERIFFS OFFICE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

ERIC CHRISTOPHER      )
MARTIN, JR.,          )
                      )
    Plaintiff,      )
                      )
v.                    )        CV423-235
                      )
SHERIFF JOHN          )
WELCHER, *et al.*,    )
                      )
    Defendants.    )

## ORDER AND REPORT AND RECOMMENDATION

The Court previously noted the apparent similarities among the three 42 U.S.C. § 1983 cases that *pro se* prisoner Eric Christopher Martin, Jr. has filed in this Court. *See, e.g., Martin v. Chatham County Sheriff's Office*, CV423-143, doc. 7 at 5 (S.D. Ga. Aug. 24, 2023). The Court, therefore, directed Martin to show cause why those cases should not be consolidated. *Id.* He has responded and agreed that the three cases "are related[,] even identical[,] and . . . they should be resolved together." CV423-143, doc. 11 at 1.

As the Court previously explained, *see, e.g.,* CV423-143, doc. 7 at 5, Rule 42 provides that the Court may consolidate actions that "involve a common question of law or fact." Fed., R. Civ. P. 42(a). The Rule "is a codification of a trial court's inherent managerial power to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. . . . The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is highly contextual." *Leftwich v. Georgia*, 2022 WL 4009899, at *1 (N.D. Ga. Jan. 26, 2022) (internal citations and quotations omitted).

Since it appears that Martin agrees that these three actions present identical claims, the Court should exercise its discretion to consolidate them. If the Court adopts that recommendation, Plaintiff should be directed to submit a single amended complaint in CV423-174, where one defendant has already appeared, *see* CV423-174, doc. 11 (Defendant Mauras' waiver of service), asserting all of his claims. Upon his compliance with that direction, the Clerk may close CV423-143 and CV423-235. The Court will, then, screen Martin's consolidated amended complaint and provide instructions for further proceedings, as appropriate.

The Court's prior Report and Recommendation, CV423-174, doc. 9, is **VACATED** as moot. Finally, Martin's response also states that he "would like to motion for summary judgment as well as motion to compel

discovery." CV423-143, doc. 11 at 2.  Discovery has not commenced in any of these cases and Martin's bare request does not approach the procedural requirements for summary judgment, as imposed in Federal Rule 56.  Those requests are, therefore, **DISMISSED**.  CV423-143, doc. 11.  Martin remains free to renew either request subject to proper presentation and proper support.

      **SO ORDERED AND REPORTED AND RECOMMENDED,** this 19th day of September, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA