UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ERIC CHRISTOPHER MARTIN, JR., ) ) ) Plaintiff, ) ) v. ) ) CHATHAM COUNTY ) SHERIFF'S OFFICE, *et al.*, ) ) Defendants. ) | CV423-174 |

**REPORT AND RECOMMENDATION**

The Court previously consolidated *pro se* plaintiff Eric Christopher Martin's various 42 U.S.C. § 1983 cases into this case. *See* doc. 29. To facilitate that consolidation, the Court directed him to file a single amended complaint asserting all of his claims. *Id.* at 1-2. The deadline for him to submit his Amended Complaint was November 17, 2023. *See id.* at 2. He has not responded to that direction or filed an amended complaint. *See generally* docket. In addition, the service copy of the Court's Order has been returned by the United States Post Office as undeliverable. *See* doc. 30 at 16. It, therefore, appears that Martin has

failed to provide the Court with a usable address, in violation of the Local Rules. *See* S.D. Ga. L. Civ. R. 11.1.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Martin's failure to provide the Court with a proper address and his failure to amend his complaint timely merit dismissal.

Accordingly, Martin's Amended Complaint should be **DISMISSED**.[1] *See, e.g.,* Fed. R. Civ. P. 41(b). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule

---

[1] To the extent that Martin wishes to prosecute this case, the fourteen-day objections period discussed below provides him a final opportunity to respond to submit the required amended complaint and to provide the Court with a proper address. To the extent that he submits an amended complaint during the objections period, he must also explain why he failed to file it timely.

2

72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 20th day of November, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA